IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRONWORKERS, LOCAL UNION NO. 380, LOCAL UNION NO. 380 JOINT APPRENTICESHIP COMMITTEE, AND LOCAL UNION NO. 380 RETIREMENT AND SEVERENCE FUND, <br><br> Plaintiffs, <br><br> v. <br><br> KINKELAAR PRODUCTS & SERVICES, INC. and STEVEN KINKELAAR, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) CASE NO. ) ) JUDGE: ) ) ) ) ) |

## *COMPLAINT*

Plaintiffs, the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS, LOCAL UNION NO. 380, et al., by their attorney, Michael J. McGuire, and the law firm of Gregorio Marco, complain of the Defendants, KINKELAAR PRODUCTS & SERVICES, INC. and STEVEN KINKELAAR and allege as follows:

## **COUNT I –** *E.R.I.S.A.*

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). Jurisdiction is founded on the existence of questions arising thereunder.

2. The LOCAL UNINON NO. 380 JOINT APPRENTICESHIP COMMITTEE, and the LOCAL UNION NO. 380 RETIREMENT and SEVERENCE FUND, (hereinafter referred to as the "Trust Funds") receive contributions from numerous employers pursuant to Collective

Bargaining Agreements between the employers and the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRONWORKERS, LOCAL UNION NO. 380, (hereinafter referred to as the "Union").

3. The Trust Funds are multi-employer plans as defined under 29 U.S.C. § 1002.

4. The Plaintiff Funds are administered in Urbana, Illinois and the Defendant does business in the Central District of Illinois and venue is proper in the Central District of Illinois.

5. Defendant, KINKELAAR PRODUCTS & SERVICES, INC., is an employer engaged in an industry affecting commerce which entered into a Participating Collective Bargaining Agreement (hereinafter referred to as the "CBA") with the Union. The CBA binds the Defendant to the terms of the Trust Agreements, which created the Trust Funds. A copy of the signature page of the relevant CBA is attached as **Exhibit A**.

6. The CBA and Trust Agreements require the employers to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by said employees.

7. As an employer obligated to make fringe benefit contributions to the Trust Funds, Defendant is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by paying liquidated damages on the whole amount of contributions remaining unpaid, with interest, as provided in 29 U.S.C. §1132(g).

8. As an employer obligated to make fringe benefit contributions to the Trust Funds, Defendant is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g).

9. Pursuant to the terms of the CBA and Trust Agreements, Defendant is required to remit timely fringe benefit reports and contributions to the Trust Funds for all benefits owed on its Union member employees.

10. Defendant breached the terms of the CBA and Trust Agreements by failing to submit reports and pay timely fringe benefit contributions to the Trust Funds for the months of February 2018 to the present.

11. Plaintiffs have requested that Defendant remit its obligations to the Trust Funds but Defendant has failed and refused to do so.

12. As a result of said breach, the Defendant is also liable to the Plaintiffs for either liquidated damages and interest pursuant to the CBA, Trust Agreements and 29 U.S.C. §1132(g)(2)(B); or double interest pursuant to E.R.I.S.A., 29 U.S.C. §1132(g)(2)(C).

WHEREFORE, Plaintiffs pray:

- A. That the Defendant be ordered to submit all contributions and reports shown to be due for the time period of February 2018 to the present.
- B. That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).
- C. That the Defendant be ordered to pay liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(C).
- D. That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs.
- E. That Plaintiffs have such other and further relief as the Court deems just and equitable.

### *COUNT I I – Steven Kinkelaar – Breach of Contract*

13. The Plaintiffs re-allege its' allegations in paragraphs 1-12 of Count I of the complaint.

14. This action arises under the Court's Supplemental Jurisdiction, pursuant to 28 U.S. Code § 1367(a) as the Court has original jurisdiction of Count I and the claims in Count II are so related to the Claims in Count I that they form part of the same case and controversy.

15. The Defendant, STEVEN KINKELAAR, is an individual residing in the County of Effingham, Illinois, who entered into a Settlement Agreement & Payment Plan, hereafter ("Agreement"), with the Plaintiffs. A true and correct copy of the Agreement is attached as **Exhibit B**.

16. Pursuant to the terms of the Agreement, defendant Kinkelaar Products & Services, Inc. was required to remit certain fringe benefit contributions, interest, liquidated damages, and fees to the Plaintiffs pursuant to a payment schedule.

17. Pursuant to the Agreement at Paragraph 6, the defendant Steven Kinkelaar agreed to be personally liable, individually and/or jointly liable for all amounts owed under the Agreement should Kinkelaar Products & Services, Inc. default on the Agreement.

18. The defendant, Kinkelaar Products & Services, Inc. breached the provisions of the Agreement by failing to pay amounts due under the Agreement. Kinkelaar Products & Services, Inc. was given notice of the default and failed to cure the default within the timeframe required.

19. As a result of the default, the Defendant, Steven Kinkelaar, is personally liable to the Plaintiffs for $25,000.00 the balance of the amount owed under the Agreement, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs pray:

A. That the Defendant be ordered to pay the balance of the Agreement in the amount $25,000.00.

B. That the Defendant be ordered to pay all attorney fees and costs incurred by the Plaintiffs.

C. That the Defendant be ordered to pay interest owed under the balance of the Agreement.

D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

### *COUNT I II – Kinkelaar Products & Services, Inc. – Breach of Contract*

20. The Plaintiffs re-allege its' allegations in paragraphs 1-19 of Count I and Count II of the complaint.

21. This action arises under the Court's Supplemental Jurisdiction, pursuant to 28 U.S. Code § 1367(a) as the Court has original jurisdiction of Count I and the claims in Count II are so related to the Claims in Count I that they form part of the same case and controversy.

22. The Defendant, Kinkelaar Products & Services, Inc. is a dissolved Illinois Corporation with its principle place of business in County of Effingham, Illinois, who entered into a Settlement Agreement & Payment Plan, hereafter ("Agreement"), with the Plaintiffs. A true and correct copy of the Agreement is attached as **Exhibit B**.

23.     Pursuant to the terms of the Agreement, defendant Kinkelaar Products & Services, Inc. was required to remit certain fringe benefit contributions, interest, liquidated damages, and fees to the Plaintiffs pursuant to a payment schedule.

24.     The defendant, Kinkelaar Products & Services, Inc. breached the provisions of the Agreement by failing to pay amounts due under the Agreement. Kinkelaar Products & Services, Inc. was given notice of the default and failed to cure the default within the timeframe required.

25.     As a result of the default, the Defendant, Kinkelaar Products & Services, Inc., is liable to the Plaintiffs for $25,000.00 the balance of the amount owed under the Agreement, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs pray:

A.  That the Defendant be ordered to pay the balance of the Agreement in the amount $25,000.00.

B.  That the Defendant be ordered to pay all attorney fees and costs incurred by the Plaintiffs.

C.  That the Defendant be ordered to pay interest owed under the balance of the Agreement.

D.  That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

BY: /s/ Michael J. McGuire
Michael J. McGuire

Michael J. McGuire
ARDC #: 6290180
Gregorio Marco
Attorney for Plaintiffs
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343